20 Civ. 9233 (JPO)(OTW)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA SYDOROWITZ, individually and on behalf of all other persons similarly situated,

                                                             Plaintiff,

-against-

THE CITY OF NEW YORK,

                                                            Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, NY 10007*

*Of Counsel: Andrea O'Connor*
*Tel: (212) 356-4015*
*Matter No. 2020-042727*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF FACTS ....................................................................................................2

      A.   Plaintiff's Schedule and Contractual Benefits ...................................3

      B.   Plaintiff's Pay Stub for February 16, 2020 through February 29, 2020................................................................4

      C.   Plaintiff's Allegations........................................................................5

      D.   Plaintiff's Putative Collective Action Allegations ............................6

ARGUMENT

    POINT I

    THE FIRST AMENDED COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO GIVE RISE TO A PLAUSIBLE CLAIM. ...............................................................7

      A.   Plaintiff's Claim That She and the Members of the Putative Class Are FLSA-Covered Employees ....................................................................................7

      B.   The Applicable Pleading Standard in FLSA Cases ..........................8

      C.   Plaintiff Fails to State a Plausible Claim Regarding The Calculation of the Regular Rate of Pay ........................................................................10

      D.   Plaintiff's Collective Action Claims Must Be Dismissed ..............13

    POINT II

    THE COURT SHOULD STAY DISCOVERY PENDING A DECISION ON THIS MOTION .....................................14

CONCLUSION.....................................................................................................................15

## TABLE OF AUTHORITIES

**Cases**  **Pages**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .................................................................................................... 1, 8

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .................................................................................................... 8, 13

*Campbell v. City of N.Y.*,
 No. 16-CV-8719 (AJN), 2017 U.S. Dist. LEXIS 116744
 (S.D.N.Y. July 25, 2017) ............................................................................................. 9

*Chambers v. Time Warner, Inc.*,
 282 F.3d 147 (2d Cir. 2002) ....................................................................................... 2

*Chesney v. Valley Stream Union Free Sch. Dist. No. 24*,
 236 F.R.D. 113 (E.D.N.Y. 2006) ................................................................................ 14

*Conzo v. City of N.Y.*,
 667 F. Supp. 2d 279 (S.D.N.Y. 2009) ........................................................................ 11

*DeJesus v. HF Mgmt. Servs.*,
 726 F.3d 85 (2d Cir. 2013) *cert. den.* 134 S. Ct. 918 (2014) ..................................... 7, 9

*Desilva v. N. Shore-Long Island Jewish Health Sys., Inc.*,
 770 F. Supp. 2d 497 (E.D.N.Y. 2011) ........................................................................ 8, 10

*Fridman v. GCS Computs. LLC*,
 17 Civ. 6698 (RWS), 2019 U.S. Dist. LEXIS 34041 (S.D.N.Y. Mar. 4, 2019) .......... 12

*Goel v. Bunge, Ltd.*,
 820 F.3d 554 (2d Cir. 2016) ....................................................................................... 2

*Guzman-Reina v. ABCO Maint., Inc.*,
 No. 17 CV 1299, 2017 U.S. Dist. LEXIS 213558 (E.D.N.Y. Jan. 2, 2018) ............... 13

*Lundy v. Catholic Health Sys. of Long Island, Inc.*,
 711 F.3d 106 (2d Cir. 2013) ....................................................................... 1, 9, 10, 12, 13

*Murray v. City of N.Y.*,
 No. 16-cv-8072 (PKC), 2017 U.S. Dist. LEXIS 130594
 (S.D.N.Y. Aug. 16, 2017) ........................................................................................... 12

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
 723 F.3d 192 (2d Cir. 2013) ....................................................................................... 9, 10

**Cases** **Pages**

*Sampson v. Medisys Health Network Inc.*,
 2011 U.S. Dist. LEXIS 12697 (E.D.N.Y. Feb. 8, 2011) ....................................................... 10

*Scott v. City of N.Y.*,
 629 F. Supp. 2d 266 (S.D.N.Y. 2009) ................................................................................... 11

*Serrano v. I. Hardware Distribs., Inc.*,
 2015 U.S. Dist. LEXIS 97876 (S.D.N.Y. July 27, 2015) ........................................................ 9

*Spencer Trask Software & Info. Servs. v. RPost Int'l*,
 206 F.R.D. 367 (S.D.N.Y. 2002) ........................................................................................... 14

*Wolman v. Catholic Health Sys. of Long Island, Inc.*,
 853 F. Supp. 2d 290 (E.D.N.Y. 2012) ................................................................................. 8, 9

**Statutes**

29 C.F.R. § 778.107 .................................................................................................................... 10

29 C.F.R. § 778.207(b) ............................................................................................................... 10

29 U.S.C. §§ 201 *et seq.* ............................................................................................................... 1

29 U.S.C. § 207(a)(1) ............................................................................................ 2, 7, 8, 10, 11, 12

29 U.S.C. § 207(e) ...................................................................................................................... 10

29 U.S.C. § 213(a)(1) .................................................................................................................... 7

29 U.S.C. § 2017(a)(1) .......................................................................................................... 10, 11

Fed. R. Civ. Proc. 12(b)(6) ...................................................................................................... 1, 2

Fed. R. Civ. Proc. 26(c) .......................................................................................................... 1, 14

## **PRELIMINARY STATEMENT**

Plaintiff commenced this action on behalf of herself, an Associate Youth Development Specialist employed at the New York City Department of Social Services, and on behalf of a putative collective comprising of members of a union, District Counsel 37, who are employed in unidentified titles at unidentified agencies of Defendant City of New York ("City") since November 4, 2017. Plaintiff alleges that defendant violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") by failing to correctly calculate the rate of pay for the plaintiff when she worked over 40 hours in a week.

The First Amended Complaint ("FAC") demonstrates a remarkably clear-cut failure to adhere to the pleading standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) and is therefore ripe for dismissal. Despite amending her complaint, plaintiff is still unable to identify a single week in which she was not paid in accordance with the FLSA. Indeed, the evidence annexed to the FAC, coupled with plaintiff's allegations, demonstrates that plaintiff was paid in excess of what she was owed under the FLSA. As such, Defendant now moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because plaintiff has failed to plausibly allege facts sufficient to give rise to plausible claims of relief and therefore her claims, and those of the putative collective, should be dismissed. Defendant also respectfully requests an order staying discovery pursuant to Rule 26(c).

## STATEMENT OF FACTS[1]

Plaintiff alleges that she is currently employed by the New York City Department of Social Services ("DSS") and holds the title of Associate Youth Development Specialist II. *See* FAC at ¶¶ 9, 10. Plaintiff alleges that she worked as a Juvenile Counselor from 2002 until 2018. *See id.* at ¶ 10. Plaintiff alleges that in 2018 she was promoted to Associate Youth Development Specialist I and in November 2019 she was promoted again to her current title of Associate Youth Development Specialist II. *See id.*

On May 10, 2018, plaintiff's union, District Council 37 ("DC 37") and the City of New York entered into an agreement reclassifying the title of Associate Juvenile Counselor to Associate Youth Development Specialist. *See* Exhibit A, Memorandum, dated July 9, 2018; *see also* Exhibit B, Citywide Agreement between DC 37 and the City of New York.[2] As such, as of May 10, 2018, plaintiff's title was changed from Associate Juvenile Counsel, Level I to

---

[1] The material facts as alleged in the Complaint are deemed to be true only for purposes of this motion. Moreover, as indicated below, defendant does not waive any affirmative defense that plaintiff, and any opt-in plaintiffs, are not employees within the meaning of § 207(a)(1), and therefore are not entitled to overtime compensation.

[2] All exhibits are annexed to the May 7, 2021 declaration of Andrea O'Connor. In deciding a Rule 12(b)(6) motion, a district court must typically confine its consideration to the facts stated in the complaint, documents appended thereto and/or documents incorporated in the complaint by reference. *See Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). However, in some cases, a document, while not expressly incorporated by reference in the complaint, "is nevertheless 'integral' to the complaint and, accordingly, a fair object of consideration on a motion to dismiss." *Id.* Here, the Memorandum annexed as Exhibit A and the Citywide Agreement annexed as Exhibit B are "integral" to the FAC because they "contain[] obligations upon which the plaintiff's complaint stands or falls." *Id.* The Memorandum and the Citywide Agreement contain the terms and conditions of plaintiff's employment as they pertain to her salary, weekly schedule and contractual overtime and/or differentials she may be entitled to in a particular workweek. Indeed, plaintiff clearly relied on the "terms and effect" of these documents in drafting the FAC in that she makes allegations regarding her weekly schedule (which is detailed in the Memorandum) and the various contractual differentials she may be entitled to (which are detailed in the Citywide Agreement). *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). As such, the Court can consider Exhibits A and B in deciding this motion.

Associate Youth Development Specialist, Level I. *See* Exhibit A. Plaintiff was then promoted in November 2019 to Associate Youth Development Specialist, Level II. *See* FAC at ¶ 10. At all times relevant to the FAC, plaintiff was a member of DC 37 and was therefore covered by the Citywide Agreement. *See id.* at ¶ 17.

### A.  Plaintiff's Schedule and Contractual Benefits

Prior to May 10, 2018, plaintiff was scheduled to work 35 hours per week, i.e. seven hours of work per day, five days a week. *See* Exhibit A. However, effective June 10, 2018, plaintiff's regular schedule was extended by 15 minutes per day thereby resulting in 36 hours and 15 minutes of scheduled work per week. *See id.* This additional one hour and 15 minutes of work per week is reflected in plaintiff's pay stub under the line "ADD 15min/DY." *See* Dkt. No. 24-1, Exhibit 1 to FAC.

As noted above, at all times relevant to the FAC, plaintiff was a member of DC 37 and covered by the Citywide Agreement, which is the collective bargaining agreement entered in to by DC 37 and the City of New York. *See* FAC at ¶ 17; Exhibit B, Citywide Agreement. Plaintiff is also a member of the Social Services Employee Union Local 371 ("Local 371") which is a local affiliate of DC 37. *See id.* at ¶ 8. Local 371 also entered into a collective bargaining agreement with the City of New York. *See* Exhibit C, Social Services & Related Titles Agreement, dated August 17, 2012 (hereinafter "Local 371 Agreement).[3]

Under the Citywide Agreement, plaintiff is entitled to be compensated in cash at a straight rate for any time actually worked in excess of her regular schedule up to 40 hours. *See* Exhibit B, at Article IV, Section 3(b). Further, under the Citywide Agreement, plaintiff is entitled to be paid in cash at a rate of time and one half for any hours worked over 40 in a given

---

[3] For the reasons set forth in Footnote 2, the Court should also consider the Local 371 Agreement in connection with this motion to dismiss.

workweek. *Id*. at Section 3(a). Additionally, under the Citywide Agreement, plaintiff is entitled to a "shift differential of ten percent (10%). . . for all scheduled hours worked between 6 P.M. and 8 A.M. with more than one hour of work between 6 P.M. and 8 A.M." and to certain recurring incremental payments, i.e. "RIPs". *See* Exhibit B at Article III, Section 1(a); Article IX, Section 24(b).

Under the Local 371 Agreement, plaintiff is entitled to certain longevity differentials based on years of service and an assignment differential based on having a valid New York State driver's license and being required to drive while on duty. *See id.* at Article II, Section 9(a); Section 10(f).

**B.     Plaintiff's Pay Stub for February 16, 2020 through February 29, 2020**

Plaintiff's sole support for her contention that she was not paid the correct overtime rate is her pay stub for the two-week pay period covering February 16, 2020 through February 29, 2020. *See generally* FAC. During each week of this pay period, plaintiff worked her regular 36 hour and 15 minute schedule for which she earned the gross salary amount of $3,182.55 (i.e. "Regular Pay" of $3,072.81 plus "ADD 15MIN/DY" of $109.74). *See* Dkt. No. 24-1, Exhibit 1 to FAC. Plaintiff's hourly rate of pay for these 72 hours and 30 minutes is $43.90. *See* FAC at ¶¶ 40-41. Plaintiff also worked an additional seven hours during the week of February 16, 2020 which resulted in her working a total of 43 hours and 15 minutes that week. *Id.* Plaintiff earned a gross amount of $411.49 for these seven hours of additional work. *Id.*

Further, during this particular two-week period, plaintiff was entitled to the night shift differential described above. This night shift differential is reflected on plaintiff's paystub as "HR NT DIFF" and reflects that plaintiff earned $5.88 for this particular differential during the two-week period of February 16, 2020 through February 29, 2020. *See* Dkt. No. 24-1,

4

Exhibit 1 to FAC.  Plaintiff also earned $166.81 as a longevity differential during this pay period which is reflected on the paystub under "SVC/LONG/ED."  *Id.*  Plaintiff also earned $26.32 as an assignment differential and this is reflected under "ASSIGN DIFF."  *Id.*  Finally, plaintiff earned $20.54 in contractual recurring incremental payments, reflected as "RIP," on the pay stub. *See id*.

As described above, when plaintiff works in excess of her regularly scheduled hours, she is entitled to contractual overtime.  *See* Exhibit B, at Article IV, Section 3(b).  As per the Citywide Agreement, the rate at which plaintiff is paid for this contractual overtime differs depending on whether she worked more or less than 40 hours in a given workweek.  *Id.* For hours worked under 40 hours, plaintiff is entitled to contractual overtime compensation at a straight rate.  *Id.*  Hours worked in excess of 40 hours are compensated at a time and one half rate.  *Id.*

## C. Plaintiff's Allegations

Plaintiff alleges that she "did not receive proper overtime payments at a rate of time and one half her regular rate of pay inclusive of earned differentials and other covered payments."  *See* FAC at ¶ 37.  Plaintiff alleges that her pay stub for the two-week pay period covering February 16, 2020 through February 29, 2020 demonstrates that she was "underpaid by Defendant's practice of not paying overtime rates that included differential payments."  *Id.* at ¶ 38.

Specifically, plaintiff alleges "upon information and belief" that her pay stub reflects "combined regular time payments" for the two week pay period and "overtime and night shift differentials" attributable to the first week of the pay period, i.e. February 16, 2020 through February 22, 2020.  *Id.* at ¶ 41.  Thus, plaintiff alleges that during the week of February 16, 2020

she worked a total of 43 hours and 15 minutes, i.e. she worked her regular schedule of 36 hours and 15 minutes plus seven hours of overtime. Plaintiff alleges that her hourly pay rate for this particular workweek is $43.90 per hour. *See* FAC at ¶ 41.

Plaintiff was paid $411.49 for the seven hours of overtime worked during the week of February 16, 2020. *See* Dkt. No. 24-1, Exhibit 1 to FAC. Plaintiff alleges that this payment is based on an overtime rate of $58.78. *Id.* at ¶ 50. Plaintiff arrives at this overtime rate by dividing $411.49 by 7 hours which amounts to $58.78. *Id.*

However, plaintiff contends that the $411.49 payment was arrived at by utilizing an incorrect regular rate of pay in that impermissibly it failed to include the $166.81 in longevity differential, $26.32 in assignment differentials, $20.54 in recurring incremental payments and $5.88 in night shift differentials. *See* FAC at ¶¶ 48-50. When taking into account these differentials, plaintiff contends that her "regular rate" for the purposes of the FLSA should have been $46.51. *Id.* at 49. Therefore, she alleges that her FLSA overtime rate should have been $69.77, i.e. $46.51 multiplied by 1.5. *Id* at ¶ 50.

The FAC is devoid of any other example of when she was worked more than 40 hours in a week and was allegedly paid an incorrect overtime rate. *See generally* FAC.

### D.     Plaintiff's Putative Collective Action Allegations

Plaintiff also purports to bring this putative collective on behalf of all similarly situated employees who are members of the union District Council 37 and worked for the City at any time since November 4, 2017. *FAC* at ¶ 17. Plaintiff does not identify the City agency, or agencies, which employs members of the putative collective nor does she identify the title(s) the putative members hold. *See generally id.* Plaintiff does, however, exclude eight job titles at unidentified City agencies from her putative collective. *Id.* at ¶ 17. Plaintiff does not provide a

reason as to why employees holding these titles are excluded. *See generally id.* Plaintiff alleges that her claims are "typical" of the claims of the putative collective. *Id.* at ¶ 23.

## ARGUMENT

## POINT I

### THE FIRST AMENDED COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO GIVE RISE TO A PLAUSIBLE CLAIM.

**A. Plaintiff's Claim That She and the Members of the Putative Class Are FLSA-Covered Employees**

The FLSA mandates overtime pay for employees who work more than 40 hours per week. However, there are exceptions to this provision. Specifically, Section 213(a)(1) provides that certain employees employed in a bona fide executive, administrative, or professional capacity are exempt from the overtime requirements contained in Section 207(a)(1). Here, plaintiff is claiming that she, as well as members of the putative collective, are employees within the meaning of § 207(a)(1), thereby entitling her to the overtime compensation required therein.

Defendant recognizes that the Second Circuit has held that at this stage of litigation, a plaintiff is "not required to plead facts . . . to support that she was a non-exempt employee, that is, one who falls outside of FLSA's exemptions." *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85, fn 7 (2d Cir. 2013) *cert. den.* 134 S. Ct. 918 (2014). Rather, "[a] claim of exemption under the FLSA is an affirmative defense, and the employer bears the burden of proof in making any such claim." *Id.* As such, for the purposes of this motion only, and without waiving the affirmative defense that plaintiff (or any opt-in plaintiff that has filed a consent in this action) is properly categorized as an exempt employee under FLSA, defendant will assume

7

that plaintiff is a covered employee.  However, even if such assumption is made, the FAC must nevertheless be dismissed.

**B.     The Applicable Pleading Standard in FLSA Cases**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has facial plausibility only if it pleads a "set of facts sufficient to raise a right to relief above the speculative level." *Desilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 506 (E.D.N.Y. 2011) (quotations omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Wolman v. Catholic Health Sys. of Long Island, Inc.*, 853 F. Supp. 2d 290, 296 (E.D.N.Y. 2012).  A plaintiff's allegations may not be limited to "a formulaic recitation of the elements of a cause of action," but must "possess enough heft to show that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).  Legal conclusions, therefore, "must be supported by factual allegations" and, to survive a motion to dismiss, the "complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

Section 207(a)(1) of the FLSA requires that eligible employees working in excess of 40 hours in a workweek be compensated for the work in excess of 40 hours "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Therefore, "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated [or undercompensated] time in excess of 40 hours." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013).

8

"[A] complaint alleging FLSA violations must contain at least some factual content to survive a motion to dismiss." *Campbell v. City of N.Y.*, No. 16-CV-8719 (AJN), 2017 U.S. Dist. LEXIS 116744, at *3 (S.D.N.Y. July 25, 2017). Indeed, a "bare-bones" complaint is insufficient to state such a claim. *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85, 90 (2d Cir. 2013). Similarly, the Second Circuit held that bare allegations amounting to nothing more than a recitation of the statutory language of the FLSA fail to plausibly state a FLSA violation. *Id.* at 89.

Further, a pleading that "theoretically put[s] [a plaintiff] over the 40-hour mark in one or another unspecified week (or weeks)" is insufficient. *Lundy*, 711 F.3d at 115; *see also Serrano v. I. Hardware Distribs., Inc.*, 2015 U.S. Dist. LEXIS 97876, *5 (S.D.N.Y. July 27, 2015) ("Allegations that a plaintiff 'regularly worked' more than forty hours per week are insufficient . . . ."). *Id.*; *see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) (finding that the complaint lacked "any allegation that Plaintiffs were scheduled to work forty hours in a given week," thereby affirming dismissal of FLSA overtime claims under the standard articulated in *Lundy*).

The Second Circuit requires evaluation of the factual allegations by a named plaintiff to determine their adequacy in wage and hour collective actions. *See Lundy*, 711 F.3d at 114; *see also Wolman v. Catholic Health Sys. of Long Island, Inc.*, 2011 U.S. Dist. LEXIS 48223, *11-12 (E.D.N.Y. May 5, 2011) (The "*Iqbal/Twombly* plausibility standard requires, at a minimum, factual allegations particular to each named Plaintiff, and which reflect that Plaintiff's own personal experiences"); *Nakahata*, 723 F.3d at 201 (finding that the complaint lacked "any allegation that Plaintiffs were scheduled to work forty hours in a given week," thereby affirming dismissal of FLSA overtime claims under the standard articulated in *Lundy*); *DeSilva v. N.*

9

*Shore-Long Island Jewish Health Sys.*, 770 F. Supp. 2d 497, 509 (E.D.N.Y. 2011) (dismissing FLSA claims where six named plaintiffs all generally alleged that they "regularly worked hours in excess of forty hours per week"); *Sampson v. Medisys Health Network Inc.*, 2011 U.S. Dist. LEXIS 12697, *10 (E.D.N.Y. Feb. 8, 2011) (dismissing FLSA claims in the absence of specific allegations as to "the named plaintiff at a minimum").

C. **Plaintiff Fails to State a Plausible Claim Regarding The Calculation of the Regular Rate of Pay**

Section 207(a)(1) of the FLSA requires that an employee's overtime rate be compensated at "one and one-half times the regular rate at which he is employed." The calculation of the regular rate must include certain premium payments. *See* 29 C.F.R. § 778.207(b). These rules only apply if an employee works more than 40 hours in a given workweek so as to invoke the FLSA. Said another way, if an employee works less than 40 hours in a week, Section 207(a)(1) is completely inapplicable. Thus, in order to make out a claim under § 207(a)(1), a plaintiff must first allege that she worked more than 40 hours in a given workweek. If a plaintiff sufficiently alleges that she worked more than 40 hours in a given workweek, then the plaintiff must allege that she was not compensated, or undercompensated, for those hours worked in excess of 40.

Further, the overtime rate of pay is calculated by multiplying the regular rate of pay by one and one half, *see* 29 C.F.R. § 778.107, and the regular rate is "deemed to include all remuneration for employment paid to, or on behalf of, the employee," excepting eight enumerated circumstances. *See* 29 U.S.C. § 207(e). In most cases, "the regular rate by its very nature must reflect all payments which the parties have agreed shall be received regularly during the work period, exclusive of overtime payments." *Scott v. City of N.Y.*, 629 F. Supp. 2d 266, 269 (S.D.N.Y. 2009) (citation omitted). Thus, an employee's regular rate of pay is equal to their

10

average hourly rate, excluding "premium pay for holidays, overtime hours, gifts, stock, bonuses and certain other premiums." *Conzo v. City of N.Y.*, 667 F. Supp. 2d 279, 283 (S.D.N.Y. 2009).

Here, the FAC sets forth one example in which plaintiff worked more than 40 hours in a workweek and was allegedly paid at the incorrect overtime rate during that week. Specifically, plaintiff alleges "upon information and belief" that her pay stub covering this week reflects "combined regular time payments" for the two week pay period and "overtime and night shift differentials" attributable to the first week of the pay period, i.e. February 16, 2020 through February 22, 2020. *See* FAC at ¶ 41. Thus, plaintiff alleges that during the week of February 16, 2020 she worked a total of 43 hours and 15 minutes, i.e. she worked her regular schedule of 36 hours and 15 minutes and then also worked seven hours of overtime.

The FAC assumes that all seven hours of this overtime is entitled to the protections of § 207(a)(1) of the FLSA. Not so. Section 2017(a)(1) only applies to work actually performed in excess of 40 hours in a given week. As such, § 207(a)(1) is inapplicable to the first three hours and 45 minutes of the seven hours worked during the week of February 6, 2020. For this week, plaintiff alleges that her regular hourly rate – absent differentials – is $43.90. *See* FAC at ¶40. Thus, the first three hours and 45 minutes of work in excess of her schedule was compensated at an hourly rate of $43.90, which amounts to $164.62 (i.e. 3.75 multiplied by $43.90). *See* FAC at ¶ 41 (alleging hourly rate is $43.90); *see also* Exhibit B, at Article IV, Section 3(b)(plaintiff is entitled to be compensated in cash at a straight rate for any time actually worked in excess of her regular schedule up to 40 hours).

For the remaining three hours and 15 minutes of overtime (i.e. hours 40 through 43.25), plaintiff was paid a total $246.87, which amounts to an overtime rate of $75.96 for hours worked over 40 (i.e. $246.87 divided by 3.25).

11

Case 1:20-cv-09233-JPO   Document 29   Filed 05/07/21   Page 16 of 19

Assuming for the purposes of this motion only that the remaining three hours and 15 minutes are entitled to the protections of § 207(a)(1), plaintiff contends that she should have been paid for this work at the rate of $69.77 per hour. *See* FAC at ¶ 50. As explained above, plaintiff's own evidence demonstrates that her actual rate of pay for the hours worked in excess of 40 during the week of February 16, 2020 was $75.96. Thus, despite plaintiff's allegations to the contrary, her own evidence demonstrates that she paid *in excess* of what she claims she is entitled to under the FLSA. Where, as here, a plaintiff's "conclusory allegations" of a FLSA violation "are contradicted by the pay slips attached to the Amended Complaint," such allegations "do not give rise to a FLSA claim." *Fridman v. GCS Computs. LLC*, 17 Civ. 6698 (RWS), 2019 U.S. Dist. LEXIS 34041, at *5 (S.D.N.Y. Mar. 4, 2019).

As noted, this is the only example contained in the FAC in which plaintiff contends she worked more than 40 hours in a workweek so as to invoke FLSA protections. However, plaintiff's own allegations and evidence show that there was no violation in this particular week. Thus, because the FAC "does not identify" a single workweek in which plaintiff was paid at a rate "that fell below the FLSA's prescribed rate," plaintiff's FLSA claim must be dismissed. *Murray v. City of N.Y.*, No. 16-cv-8072 (PKC), 2017 U.S. Dist. LEXIS 130594, at *14 (S.D.N.Y. Aug. 16, 2017)(dismissing plaintiffs' regular rate claim because plaintiffs failed to plead in their complaint any instance on which their regular rate fell below the rate required by § 207(a)(1)).

Finally, plaintiff's remaining generalized allegations that she "often worked more than forty (40) hours in a given week" and "did not receive proper overtime payments at a rate of time and one half her regular rate of pay inclusive of earned differentials and other covered payments," *see* FAC at ¶¶ 36, 37, also do not suffice. *See Lundy*, 711 F.3d at 115 (allegations

12

that "could theoretically" assert hours "over the 40-hour mark in one or another unspecified week (or weeks)" does not plausibly allege a FLSA claim). In *Murray*, the plaintiffs alleged a § 207(a)(1) violation in that they were paid the incorrect overtime rate when compensated in compensatory time and in so doing generally alleged that "[d]uring all workweeks in which the plaintiffs work over 40 hours" and were compensated in compensatory time, they were paid at the incorrect overtime rate. *See Murray*, 2017 U.S. Dist. LEXIS 130594, at *13. The Court held that "[t]his level of generality does not satisfy the FLSA pleading standards set forth by *Lundy*, 711 F.3d at 114-15." *Id.* at *14.

In sum, the FAC fails to identify a single workweek in which plaintiff – by her own admission – was underpaid and her generalized allegations of a FLSA violation do not suffice. For that reason, the FAC must be dismissed.

**D.   Plaintiff's Collective Action Claims Must Be Dismissed**

"To state an FLSA collective action claim, a complaint must allege facts sufficient to create the plausible inference that there is a group of individuals similarly situated to [the] [p]laintiff. A plaintiff can carry that burden, at the notice stage, by presenting substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Guzman-Reina v. ABCO Maint., Inc.*, No. 17 CV 1299, 2017 U.S. Dist. LEXIS 213558, at *4 (E.D.N.Y. Jan. 2, 2018) (citations and quotation marks omitted).

To begin with, plaintiff alleges "[u]pon information and belief" that "defendant uniformly applies the same unlawful employment policies, practices, and procedures to all members of the Putative Collective." *See* FAC at ¶ 20. Similarly, in paragraph 31, plaintiff alleges "[o]n information and belief" that she and the members of the Putative Collective "are paid certain bonus compensation above their base hourly rate of pay such as longevity pay after a

certain amount of years in service, night-shift differentials, assignment differentials, and other bonus compensation." *Id.* at ¶ 31. However, under *Twombly*, allegations made upon "information and belief" are insufficient to overcome a motion to dismiss where the plaintiff does not support them with a statement of facts that creates a plausible inference of their truth. *See Twombly*, 550 U.S. at 551-53. Nowhere in the FAC does plaintiff set forth specific, plausible allegations supporting these bare assertions.

Further, plaintiff fails to state a FLSA collective action claim for the same reason her individual claim fails: namely, the FAC fails to identify a single workweek in which plaintiff or a member of the putative collective was underpaid in violation of the FLSA. For this reason, her collective action claim fails.

## POINT II

### THE COURT SHOULD STAY DISCOVERY PENDING A DECISION ON THIS MOTION

Pursuant to Rule 26(c), "a district court may stay discovery during the pendency of a motion to dismiss for 'good cause shown.'" *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). There is good cause for issuing a stay in this case because defendant's motion is fully dispositive, and defendant has a strong basis for dismissing plaintiff's claims for the reasons noted above. *See Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)(granting stay of discovery where "defendants do appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit"). Both parties will thus be spared the time and expense of conducting costly discovery on plaintiff's individual and collective claims if defendant's motion is fully granted. As such, defendant respectfully requests a stay of discovery pursuant to Rule 26(c) during the pendency of this motion.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court grant its motion to dismiss the First Amended Complaint, and that defendant be granted such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	May 7, 2021

					**JAMES E. JOHNSON**
					Corporation Counsel of the City of New York
					*Attorney for Defendant*
					100 Church Street, Room 2-104
					New York, New York 10007
					(212) 356-2479
					aoconnor@law.nyc.gov


			By:		            /s/
					Andrea O'Connor
					Assistant Corporation Counsel