UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA SYDOROWITZ, individually and on behalf of all other persons similarly situated,<br><br>                                        Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK,<br><br>                                        Defendant. | 20-CV-9233(JPO)(OTW) |

_____

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

VIRGINIA & AMBINDER, LLP
James E. Murphy, Esq.
Lloyd R. Ambinder, Esq.
40 Broad Street, Seventh Floor
New York, New York 10004
(212) 943-9080
*Attorneys for the Plaintiffs and Putative Class*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ............................................................................................................... 1

LEGAL STANDARD ......................................................................................................... 3

ARGUMENT....................................................................................................................... 4

    I.    PLAINTIFF'S FAC CONTAINS WELL-PLEAD FACTUAL ALLEGATIONS THAT ARE SUFFICIENT TO STATE A CAUSE OF ACTION ........................................... 4

    II.    THE COLLECTIVE BARGAINING AGREEMENTS ARE NOT PROPERLY BEFORE THE COURT ....................................................................................... 9

    III.    IN THE EVENT PLAINTIFFS' FIRST AMENDED COMPLAINT IS DEEMED IN ANY WAY INSUFFICIENT, PLAINTIFFS RESPECTFULLY REQUEST LEAVE TO REPLEAD ..................................................................................................... 11

CONCLUSION.................................................................................................................. 12

## TABLE OF AUTHORITIES

CASES                                                                                                                    PAGE

Abernathy v. EmblemHealth, Inc.,
790 Fed.Appx. 250 (2nd Cir. 2019)..........................................................................................12

Arista Records, LLC v. Doe 3,
604 F.3d 110 (2d Cir. 2010) ......................................................................................................3

Ashcroft v. Iqbal,
556 U.S. 662 (2009)..................................................................................................................3

Ayala v. Looks Great Servs., Inc.,
2015 U.S. Dist. LEXIS 96790, 2015 WL 4509133 (E.D.N.Y. July 23, 2015) ...........................11

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) ..............................................................................................................3, 4

Berger v. New York Univ.,
2019 U.S.Dist.LEXIS 129691, 2019 WL 3526533 (Aug. 2, 2019) (Oetken, J.)...................... 9, 10

Cortec Indus., Inc. v. Sum Holding L.P.,
949 F.2d 42 (2d Cir. 1991) ......................................................................................................11

DeJesus v. HF Mgmt. Servs.,
726 F.3d 85 (2d Cir. 2013) ........................................................................................................4

Diaz v. New York Paving, Inc.,
340 F.Supp.3d 372 (S.D.N.Y. 2018).........................................................................................8

Drayton v. City of New York,
2020 U.S.Dist.LEXIS 83535, 18-cv-10138 (ALC) (May 12, 2020) (Carter, D.J.) ................ 1, 8

Gambino v. Harvard Prot. Servs. LLC.,
2011 U.S.Dist.LEXIS 2533*5-6, 2011 WL 102691, (S.D.N.Y. Jan. 11, 2011)..........................7

Goel v. Bunge, Ltd.,
820 F.3d 554 (2nd Cir. 2016) ....................................................................................................4

Hart v. RCI Hospitality Holdings, Inc.,
90 F. Supp. 3d 250 (S.D.N.Y.. 2014) .....................................................................................10

Hayden v. County of Nassau,
180 F.3d 42 (2nd Cir. 1999) ....................................................................................................11

Heagney v. European Am. Bank,
122 F.R.D. 125 (E.D.N.Y. 1988) ...................................................................................... 8

Heras v. Metro. Learning Inst.,
2021 U.S.Dist.LEXIS 3434, 2021 WL 66288 (Jan. 7, 2021) (Irizarry, D.J.) ................. 5

Kaye v. Orange Reg'l Med. Ctr.,
975 F. Supp. 2d 412 (S.D.N.Y. 2013) ............................................................................. 3

Litwin v. Blackstone Grp., *L.P.*,
634 F.3d 706 (2d Cir. 2011) ............................................................................................ 3

Lundy v. Catholic Health Sys. of Long Island Inc.,
711 F.3d 106 (2d Cir. 2013) ............................................................................................ 4

Maria v. El Mambi Rest. Corp.,
2021 U.S.Dist.LEXIS 107416, 20-CV-3707 (JPO) (S.D.N.Y. June 8, 2021) (Oetken, D.J.) ........ 2

Morales v. Rochdale Vill. Inc.,
2015 U.S. Dist. LEXIS 144382, 2015 WL 6442590 (E.D.N.Y. Oct. 23, 2015) ............. 4

Murray v. City of New York,
2017 WL 3531552, 2017 U.S.Dist.LEXIS 130594, (S.D.N.Y. Aug. 16, 2017) ............. 6

Padillia v. Manlapaz,
643 F.Supp.2d 302 (E.D.N.Y. 2009) ............................................................................. 10

Sexton v. First Financial, Ltd.,
2009 U.S. Dist. LEXIS 50526*25 n.6, 2009 WL 1706535 (E.D.N.Y. June 16, 2009) ........... 10,11

Spataro v. Gov't Employers Ins. Co.,
2014 U.S. Dist. LEXIS 109068, 2014 WL 3890222 (E.D.N.Y. Aug. 6, 2014) ...................... 11, 12

Taveras v. D & J Real Estate Mgmt. II, LLC,
324 F.R.D. 39, 44 (S.D.N.Y. 2018) ................................................................................. 7

Zhong v. August August Corp.,
498 F. Supp. 2d 625 (S.D.N.Y. 2007) ........................................................................... 12

## STATUTES

Fed. R. Civ. P. 8(a)(2) ............................................................................................................ 4

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 3, 10, 11

29 U.S.C. § 152 ..................................................................................................................... 10

29 U.S.C. § 207(a)(1) ................................................................................................................5

**INTRODUCTION**

This is a garden-variety overtime case, with a simple premise shared with a number of other actions currently pending against the City of New York. Plaintiff alleges that she, and others similarly situated, were paid a lower rate than they were entitled to under the FLSA for their overtime hours worked beyond the first 40 in a week, through Defendant's failure to include certain differential payments in calculating Plaintiff's "regular rate" of pay. While calculating the precise extent of underpayment in these cases is complicated by the City's byzantine recordkeeping system, these claims themselves are straightforward in that they involve simple math, with no allegations of falsified records or work performed off the clock. Essentially identical complaints alleging identical harms against this identical Defendant have survived motions to dismiss in this Court. *See generally* accompanying Declaration of James Emmet Murphy ("Murphy Dec.") Ex. A., Drayton v. City of New York, 2020 U.S.Dist.LEXIS 83535, 18-cv-10138 (ALC) (May 12, 2020) (Carter, D.J.).

However, the City has, for reasons of its own, decided that, rather than providing workers with paystubs that clearly reflect the rates of pay they are receiving and the number of hours they are receiving them for, it will provide workers paystubs which shed very little light on the precise calculation of workers' overtime rates. As such, Plaintiff has plead a specific and precise underpayment based on a specific workweek where the face of Plaintiff's paystub is, comparatively, clear.

Defendants now move to dismiss Plaintiff's complaint, alleging that the paystub doesn't actually mean what it says, and that to determine how Plaintiff's pay was *really* calculated, one must instead turn to collective bargaining agreements – which were neither referenced in nor incorporated into Plaintiff's Complaint, and which were not referenced in any way in drafting

1

Plaintiff's pleading – which, according to Defendants, show that Plaintiff was actually *overpaid*, in a manner and to an extent that they don't bother trying to explain. Glaringly absent from Defendant's motion is there any attempt to show that Plaintiff was actually paid *properly*. Defendant instead alleges, without any proof and through only vague references to unspecific provisions of collective bargaining agreements, that, if you look at the paystub, and you look at the CBA, and you separate out single line items with a single calculation in the paystub into multiple different line items, and assume that they were calculated in multiple different ways, then perhaps Plaintiff's overtime rate was actually $6.19 per hour *higher* than it should have been. Defendants offer no explanation of what that excess payment would reflect, or how the City decided that that was the proper overtime rate to pay Plaintiff. *See* Def. Mem., pp. 11-12.

On its face, the paystub provided by Defendants to Plaintiff does not reflect a payment for overtime hours worked past 40 hours in a week which is paid at a rate of at least time-and-one-half the Plaintiff's regular rate. Defendants cannot resort to CBAs beyond the scope of the Complaint and its annexed exhibit to show that, *if* the City paid Plaintiff in a manner consistent with its CBA (but inconsistent with what is reflected on Plaintiff's paystub), then it actually overpaid Plaintiff instead of underpaying her, for reasons left unexplained.

As this Court has held, "[t]o establish an overtime claim, an employee must allege that she (1) 'worked in excess of 40 hours a week,' (2) 'was a non-exempt employee,' and (3) 'was paid less than one and one-half times the regular rate for all overtime hours." Maria v. El Mambi Rest. Corp., 2021 U.S.Dist.LEXIS 107416*4, 20-CV-3707 (JPO) (S.D.N.Y. June 8, 2021) (Oetken, D.J.) (Murphy Dec. Ex. B). Plaintiff here has alleged that she worked in excess of 40 hours a week (*see* Complaint, ¶¶ 36, 49); that she was a non-exempt employee (*see* Complaint, ¶ 18); and that she was paid less than one and one-half times the regular rate for all overtime hours (*see* Complaint,

¶¶ 19, 49-50). This is all that is required to survive a motion to dismiss, and Defendants' motion should be denied.

## LEGAL STANDARD

When presented with a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), a Court must accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See* Litwin v. Blackstone Grp., *L.P.*, 634 F.3d 706, 715 (2d Cir. 2011). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…" Kaye v. Orange Reg'l Med. Ctr., 975 F. Supp. 2d 412, 417-418 (S.D.N.Y. 2013) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (*quoting* Twombly, 550 U.S. at 555). Plaintiffs must allege "only enough facts to state a claim to relief that is plausible on its face" to "nudge[] his or her claims across the line from conceivable to plausible…" Id. (*quoting* Twombly, 550 U.S. at 570); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 570).

The United States Court of Appeals for the Second Circuit has made clear that the Supreme Court's decisions in Twombly and Iqbal did not "heighten the pleading requirements" imposed by Rule 8(a)(2). Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010). Plaintiffs' First Amended Complaint satisfies the minimal pleading requirements set forth under Fed. R. Civ. P.

8(a)(2), which demands only a "short and plain statement of the claim showing that the pleader is entitled to relief."

## ARGUMENT

### POINT I:
### PLAINTIFF'S FAC CONTAINS WELL-PLEAD FACTUAL ALLEGATIONS THAT ARE SUFFICIENT TO STATE A CAUSE OF ACTION

"'[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours.'" Morales v. Rochdale Vill. Inc., No. 15cv502 (RJD) (RML), 2015 U.S. Dist. LEXIS 144382*5-6, 2015 WL 6442590 (E.D.N.Y. Oct. 23, 2015) (*quoting* Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013)). The standard is designed so that plaintiffs "provide some factual context that will 'nudge' their claim 'from conceivable to plausible.'" Id. (*quoting* Twombly, 550 U.S. at 570. Exactness with respect to overtime hours is not required. DeJesus v. HF Mgmt. Servs., 726 F.3d 85, 90 (2d Cir. 2013) ("this Court has not required plaintiffs to keep careful records and plead their hours with mathematical precision…"). The FAC satisfies this liberal pleading requirement.

"A motion brought under Rule 12(b)(6) challenges only the 'legal feasibility' of a complaint. The test of a claim's 'substantive merits' is 'reserved for the summery judgment procedure." Goel v. Bunge, Ltd., 820 F.3d 554, 558 (2nd Cir. 2016) (internal citation omitted). Here, Defendants argue that, under their proffered interpretation of Plaintiff's paystub, she was actually overpaid, at an overtime rate calculated in a manner they do not attempt to explain. However, a plain reading of the paystub reflects payment of overtime wages at a rate lower than that required under the law. Notably, Defendants do not attempt to actually show how their

interpretation of the overtime rate paid to Plaintiff for work performed beyond the first 40 hours in a week was calculated. They simply assert that it is so.

Defendants claim that "[t]he FAC assumes that all seven hours of this overtime is entitled to the protections of § 207(a)(1) of the FLSA." Def. Mem. p. 11. This is simply untrue; there is no claim anywhere in the First Amended Complaint that the FLSA requires payment of overtime wages for any hours under 40 in a given week. The Complaint clearly alleges that Defendant violated the FLSA by paying Plaintiffs at less than time-and-one-half their regular rate of pay for hours worked beyond forty (40) in a week. *See* First Amended Complaint, ¶¶ 2, 19. Plaintiff's Complaint bases its allegations of underpayment on a paystub. *See* First Amended Complaint, Ex. A. That paystub contains a single line item for overtime, including nothing other than a "7:00" under a column for hours, and "411.49" under a column for "Amt. Earned Prior Per." Plaintiff does not allege that the FLSA requires payment of *contractual* overtime below 40 hours in a week; it clearly does not. Plaintiff does not allege anything about the payment methodology required under any collective bargaining agreements. Plaintiff alleges that, *based upon the face of the paystub*, she was paid an overtime rate less than she was entitled to.

Defendants claim that, of the 7 hours of overtime for which Plaintiff was paid $411.49, 3.75 hours were paid at "straight" time and the remaining 3.25 hours were paid at "time-and-one-=half." Def. Mem., p. 11. Nothing on the face of the paystub or on any other document available to Plaintiff shows that any portion of that 7 hours was paid at a "straight" time rate and an additional portion at an "overtime" rate. Defendants claim that their CBA's require payment of straight time up until 40 hours, and time-and-one-half after 40 hours. But nothing in the CBA's explains Defendants' allegation (*see* Def. Mem. p. 12) that that single line item contained different payment rates for different portions of those 7 hours, with the *real* overtime rate Defendants paid Plaintiff

5

being $75.96 per hour, far in excess of the required overtime rate of $69.77 per hour. *See* Def. Mem., p. 12. Defendants do not attempt to explain why this alleged overpayment was made; how the city arrived at $75.96 per hour as the proper rate at which to pay Plaintiff for overtime that week; or why overtime pay at that rate was mixed together with straight time pay at a different rate and dumped into a single line item that reflected no rates whatsoever, and no divisions of time whatsoever. The only evidence Defendant relies on to establish this is the collective bargaining agreements; however, the CBAs do not give any explanation as to how the City calculated that $75.96 number. Defendant simply asserts that this is so.

Here, Plaintiff alleges that her paystub reflects one thing. Defendant alleges that it reflects another. There is nothing in the record to substantiate Defendant's position. Motions to dismiss under Rule 12(b)(6) are not proper vehicles for determining disputed facts in an overtime case. *See generally* Heras v. Metro. Learning Inst., 2021 U.S.Dist.LEXIS 3434*12, 2021 WL 66288, 19-cv-2694 (DLI)(RLM) (Jan. 7, 2021) (Irizarry, D.J.) ("The Amended Complaint does not contain sufficient facts for the Court to ascertain Plaintiff's primary duty or whether she was customarily and regularly engaged away from MLI's place of business. As such, Defendants cannot meet their burden of establishing the applicability of the outside sales exemption and their motion to dismiss on this ground is denied").

Defendants rely upon Murray v. City of New York, 2017 WL 3531552, 2017 U.S.Dist.LEXIS 130594, 16-cv-8072 (PKC) (S.D.N.Y. Aug. 16, 2017), for the proposition that generalized allegations about working over 40 hours in a week without proper compensation are insufficient to properly plead a claim under the FLSA. However, what the Murray decision actually held was that only one individual among the group of named Plaintiffs had sufficiently plead a cause of action with specific allegations about the City of New York's failure to pay them overtime

wages which included proper calculations of night-shift differentials (*see* Murray, pp. 9-12), and granted Plaintiffs leave to amend the complaint with specific allegations regarding other named plaintiffs after receiving discovery of payroll and time records from the City. *See* Murray, p. 16. Here, of course, at this early stage of the litigation no discovery has been conducted, and Plaintiffs are utterly incapable of determining the veracity of Defendant's conclusory allegations regarding overtime rates of pay. Plaintiff has alleged that she, and others similarly situated, were paid overtime at a rate less than time and one half their "regular rate" of pay, inclusive of differentials. Paying workers overtime rates at a rate less than time-and-one-half their actual regular rate of pay constitutes a violation of the FLSA. *See generally* Gambino v. Harvard Prot. Servs. LLC, 2011 U.S.Dist.LEXIS 2533*5-6, 2011 WL 102691, 10 Civ. 0983 (PAC) (S.D.N.Y. Jan. 11, 2011) (Crotty, D.J.) ("Plaintiffs' allegations raise an inference that Harvard was gaming the system (avoiding its statutory obligation) by assigning overtime work only in buildings which paid lower wages, which happened to be two-thirds of the wages for buildings in which the straight time was worked. Certainly, the allegations of the complaint, as elaborated and clarified by Plaintiffs' deposition are sufficient to state a claim"). Plaintiffs have sufficiently pled a cause of action for overtime violations.

Further, dismissal of Plaintiff's collective action claims because would be improper, as Plaintiffs have adequately pled the only fact that matters – that all members of the putative collective were similarly subjected to Defendants' unlawful compensation scheme. Plaintiffs have not alleged any misclassification claims, which might necessitate inquiry into the specific job duties or titles of putative collective action members. Plaintiff has alleged that she and others similarly situated were underpaid through Defendant's failure to include differential payments in its calculation of workers' regular rate for purposes of overtime pay. As long as Plaintiff and the

putative collective members are all similarly situated because they are subject to the same policies and practices, conditional certification of the collective action would be appropriate. *See e.g.* Taveras v. D & J Real Estate Mgmt. II, LLC, 324 F.R.D. 39, 44 (S.D.N.Y. 2018) ("different job titles may be included within a conditional collective if there is evidence that plaintiffs may be similarly situated as to a common policy to violate the FLSA"); Diaz v. New York Paving, Inc., 340 F. Supp. 3d 372, 384-385 (S.D.N.Y. 2018) ("The mere fact that plaintiffs have different job titles under two CBAs is not relevant to the question of whether they are 'similarly situated.'"); Heagney v. European Am. Bank, 122 F.R.D. 125, 127 (E.D.N.Y. 1988) (Class treatment is not defeated because plaintiffs performed a variety of jobs in different departments and at different locations). Here, the putative collective members are non-exempt employees who received differential payments. These workers' claims turn on the fact that they were all underpaid by Defendants in the same manner.

Defendant's motion also seeks to dismiss Plaintiff's collective action allegations because Plaintiff alleges "upon information and belief" that other similarly situated individuals were underpaid in the same manner, and that "the FAC fails to identify a single workweek in which plaintiff or a member of the putative collective was underpaid in violation of the FLSA." Def. Mem., pp. 13-14. However, as the Drayton Court held in denying a motion to dismiss with an almost identical complaint alleging claims based on the identical method of underpayment against the identical defendant: "Plaintiffs provide some factual allegations about putative class members, namely that they are non-exempt employees who received a differential payment at some point since October of 2015. *See* FAC ¶ 20. Plaintiffs further refer to the Defendants' policy of miscalculating overtime rates by not taking into account differential payments received as part of the regular pay." *See* Drayton, Murphy Aff. Ex. A, p. 6. Similarly, here, Plaintiff's First Amended

8

Complaint alleges that "Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendant's common policy and/or plan to violate the FLSA by failing to provide the correct overtime wages at a rate of one and one half times their regular hourly rate of pay, inclusive of paid differentials and other payments required to be included in the calculated 'regular rate'… for all time worked in excess of forty (40) hours in any given week." *See* First Amended Complaint, ¶ 19.

**POINT II:**
**THE COLLECTIVE BARGAINING AGREEMENTS ARE NOT PROPERLY BEFORE THE COURT**

Defendants claim that copies of the City's collective bargaining agreements ("CBA's") with various labor union locals are "are 'integral' to the [Complaint] because they contain obligations upon which the plaintiff's complaint stands or falls." Def. Mem. p. 2, fn. 2. Indeed, Defendants allege that "plaintiff clearly relied on the 'terms and effect' of these documents in drafting the FAC in that she makes allegations regarding her weekly schedule (which is detailed in the Memorandum) and the various contractual differentials she may be entitled to (which are detailed in the Citywide Agreement)." This is simply untrue; the First Amended Complaint was drafted solely by reference to the paystub that was attached to it as an exhibit, without any reference whatsoever to any collective bargaining agreements or other documents.

Plaintiff has alleged a violation of the FLSA's overtime requirements based upon Defendant's alleged failure to include differential payments within Plaintiff's "regular rate" for purposes of overtime calculation. A copy of one of Plaintiff's paystubs was annexed to the Complaint. Defendant submits copies of multiple collective bargaining agreements, arguing that they are "integral" to Plaintiff's Complaint. *See* Def. Mem. p. 2, fn. 2. However, as this court has previously recognized, statutory overtime claims do not automatically implicate collective bargaining agreements; *see* <u>Berger v. New York Univ.</u>, 2019 U.S.Dist.LEXIS 129691, 2019 WL

9

3526533, 19-cv-267 (JPO) (Aug. 2, 2019) (Oetken, J.). In this case, nothing whatsoever is alleged about the CBAs, and the CBAs are not relied upon in any way whatsoever in Plaintiffs' Complaint. As such, they are not properly before this Court on Defendants' motion to dismiss pursuant to FRCP 12(b)(6).

On a 12(b)(6) motion, courts must only consider "'facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference,' facts that can be judicially noticed, and documents 'integral' to the complaint." Abernethy v. EmblemHealth, Inc., 790 Fed.Appx. 250, 252 (2nd Cir. 2019). The CBA's here are clearly not "integral" to Plaintiff's Complaint for statutory overtime compensation. Plaintiff does not allege that she failed to receive any differentials she was entitled to under the CBA. Plaintiff does not allege that Defendants failed to abide by payment schemes mandated in the CBA. Plaintiff simply alleges that, based upon the differential payments she *actually received*, she was entitled to be paid overtime at a higher rate than she was actually paid. *See* Berger, *supra*, 2019 U.S.Dist.LEXIS 129691*12 ("Unlike the cases upon which NYU relies, this case raises no contention that an employer failed to properly apply the pay rate framework set out in a CBA")[1]. Plaintiffs' claims in the instant action rely solely on statutory rights, which are incapable of alteration by a CBA or any other contract. *See* Hart v. RCI Hospitality Holdings, Inc., 90 F. Supp. 3d 250, 261 (S.D.N.Y.. 2014) ("Plaintiffs are correct that an employee may not contract away her legal right to be paid a minimum wage"); Padilla v. Manlapaz, 643 F. Supp. 2d 302, 311 (E.D.N.Y. 2009) ("it is settled law that an employee may not waive the protections of the Labor Laws.") (*citing* Sexton v. First

---

[1] Unlike in Berger, here there can be no argument that Plaintiff's claims are preempted by the LMRA. Plaintiff and others similarly situated are employees of the City of New York; pursuant to 29 U.S.C. § 152, "employer" as defined under the National Labor Relations Act and Labor Management Relations Act "shall not include the United States or any wholly owned Government corporation, or any Federal Reserve Bank, or any State or political subdivision thereof…"

10

Financial, Ltd., 2009 U.S. Dist. LEXIS 50526*25 n.6, 2009 WL 1706535 (E.D.N.Y. June 16, 2009) ("[T]he Supreme Court has held that employees cannot release their rights under the FLSA by private agreement, because such action contravenes a statutory right granted in the public interest").

Defendants claim that Plaintiff was paid in accordance with the collective bargaining agreement. Even by Defendants' own argument, the CBA does not explain how Defendant's claimed overtime pay rate of $75.96 per hour was arrived at. Even so, the allegations in Plaintiff's complaint are not not based upon the CBA; do not implicate the CBA; do not incorporate the CBA; and are not in any way dependent upon the CBA or interpretation of the CBA. Accordingly, on this motion to dismiss pursuant to FRCP 12(b)(6), the CBAs are not properly before this Court.

### POINT III:
### IN THE EVENT PLAINTIFFS' FIRST AMENDED COMPLAINT IS DEEMED IN ANY WAY INSUFFICIENT, PLAINTIFFS RESPECTFULLY REQUEST LEAVE TO REPLEAD

In the event this Court finds Plaintiffs' First Amended Complaint to be insufficient, Plaintiffs respectfully request permission to replead. Ayala v. Looks Great Servs., Inc., 2015 U.S. Dist. LEXIS 96790, 2015 WL 4509133 (E.D.N.Y. July 23, 2015) (granting plaintiffs leave to re-plead their FLSA overtime and New York Labor law claims. "With regard to the Plaintiffs' request to re-plead, ''[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead. Although leave to replead is within the discretion of the district court, refusal to grant it without any justifying reason is an abuse of discretion.''" (*quoting* Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991)); *see also* Anderson v. City of New York, 2017 U.S. Dist. LEXIS 8358, *15-16, Murphy Dec. Ex. C (S.D.N.Y. Jan. 19, 2017) ("When a motion to dismiss is granted, the usual practice is to dismiss the claims without prejudice and grant plaintiff leave to amend the complaint.") (*citing* Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2nd Cir.1999)); Spataro v. Gov't

11

Employers Ins. Co., 2014 U.S. Dist. LEXIS 109068*12-13, 2014 WL 3890222 (E.D.N.Y. Aug. 6, 2014) (granting plaintiffs leave to replead in order to cure deficiencies identified in the Order, and noting that it is the Second Circuit's practice to grant leave to amend the complaint when a motion to dismiss is granted); Zhong v. August August Corp., 498 F. Supp. 2d 625, 627 (S.D.N.Y. 2007) (Court granted plaintiff leave to amend the complaint in order to resolve any noted deficiencies). This principle is especially true where, as here, Plaintiffs have adequately pled that they were not exempt from overtime; that they worked beyond 40 hours in specific weeks; and that they were underpaid in a specific manner; while reliant upon paystubs which are seemingly intentionally labyrinthine and opaque in order to plead the specifics of this clearly defined pattern of underpayment.

## CONCLUSION

For the reasons set forth above, it is respectfully requested that the Court deny Defendants' Motion in its entirety, and grant such further relief that this Court deems necessary. Alternatively, should this Court find any of Plaintiffs' claims to be insufficiently pled, Plaintiffs respectfully request they be allowed to amend their complaint to provide additional or clarified allegations.

Dated: New York, New York
June 11, 2021

VIRGINIA & AMBINDER LLP

By:    /s/
James E. Murphy
Lloyd R. Ambinder
40 Broad Street, 7th Floor
New York, New York 10004
Tel:   (212) 943-9080
jmurphy@vandallp.com
