20 Civ. 9233 (JPO)(OTW)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA SYDOROWITZ, individually and on behalf of all other persons similarly situated,

              Plaintiff,

-against-

THE CITY OF NEW YORK,

              Defendant.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

***GEORGIA M. PESTANA***
*Acting Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, NY 10007

Of Counsel: Andrea O'Connor
Tel: (212) 356-4015
Matter No. 2020-042727

## PRELIMINARY STATEMENT

Plaintiff alleges that defendant violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") by failing to correctly calculate the rate of pay for when she worked over 40 hours in a week. Defendant moved to dismiss the First Amended Complaint ("FAC") and plaintiff filed a Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint, dated June 11, 2021 ("Plaintiff's Opp."). Plaintiff's Opp., however, conclusively demonstrates that her FLSA claim fails as a matter of law. The FAC is premised on the erroneous assumption that all hours worked in excess of plaintiff's regular schedule are entitled to FLSA protections. Plaintiff's Opp., however, now concedes that only those hours worked in excess of 40 are entitled to FLSA protections. This concession is fatal to the FAC because the rate of pay applied to those hours worked over 40 during the week of February 16, 2020 exceeds the rate which plaintiff claims she is entitled to under the law. Thus, by plaintiff's own pleading, there is no FLSA violation.

## ARGUMENT

### POINT I

### THE APPLICABLE COLLECTIVE BARGAINING AGREEMENTS MAY BE CONSIDERED BY THE COURT

Despite the fact that plaintiff's FLSA claim is premised on the allegation that the contractual differentials plaintiff received under two collective bargaining agreements ("CBAs"), i.e. the Citywide Agreement and the Social Services & Related Titles Agreement, were not included in the calculation of the regular rate, plaintiff contends that the CBAs "are not relied upon in any way whatsoever in Plaintiffs' [First Amended] Complaint" and therefore cannot be considered by the Court in connection with this motion. Plaintiff is incorrect.

First, the Second Circuit has held that "the Court may take judicial notice of collective bargaining agreements, which are public documents, promulgated by or binding on a government agency, and not subject to reasonable dispute." *See Richardson v. New York City Bd. of Educ.*, 711 F. App'x 11, 13-14 (2d Cir. 2017) (taking judicial notice of collective bargaining agreements between the New York City Board of Education and the teachers' union).

Second, plaintiff's FLSA claim is premised upon the City's alleged failure to include contractual payments in the calculation of the regular rate. While plaintiff is correct that not every FLSA complaint automatically implicates CBAs, *see* Plaintiff's Opp. at 9 *citing Berger v. N.Y. Univ.*, No. 19-CV-267 (JPO), 2019 U.S. Dist. LEXIS 129691 (S.D.N.Y. Aug. 2, 2019), it is clear that the FAC in this case *does* incorporate by reference the applicable CBAs given that the differentials at issue are contained in the CBAs. Plaintiff's strategic failure to mention the CBAs does not preclude the Court from considering them. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011); *see also Levy v. Verizon Info. Servs. Inc.*, 498 F. Supp. 2d 586, 293 (E.D.N.Y. 2007) ("Plaintiffs' careful avoidance of referencing [the CBAs, which] are integral to the complaint [,] does not deprive the court of its power to review [the documents] on a motion to dismiss.").

Further, plaintiff alleges that she and the putative collective are paid "longevity pay after a certain amount of years in service, night-shift differentials, assignment differentials, and other bonus compensation." FAC at ¶ 31. The City's obligation to pay longevity pay, night shift differentials and assignment differentials is contained in the two CBAs. *See* Defendant's Exhibits B; C. To be sure, plaintiff put her union membership directly at issue by self-identifying as "a member of District Council 37 of the American Federation of State, County and Municipal Employees, Social Services Employees Union Local 371" and defining the putative

class as union members exclusively belonging to the "AFSCME District Council 37 Professional Division." FAC at ¶¶ 8, 17. Thus, because the CBAs "contain[] obligations upon which the plaintiff's complaints stands or falls," the Court may consider both the Citywide Agreement and the Social Services & Related Titles Agreement. *See Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).

## POINT II

### THE FIRST AMENDED COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO GIVE RISE TO A PLAUSIBLE CLAIM

**A.     Plaintiff's Individual FLSA Claim Must Be Dismissed**

The FAC is premised on the erroneous contention that all hours worked in excess of plaintiff's regular schedule are entitled to FLSA protections. While Plaintiff's Opp. now backpedals away from this error, the FAC is clearly premised upon plaintiff's mistaken belief that – for the sole week at issue, i.e. the week of February 16, 2020 – all seven hours of overtime worked must be paid a FLSA-compliant overtime rate. *See* FAC at ¶ 42. Plaintiff alleges that the correct FLSA-compliant overtime rate for the week of February 16, 2020 is $69.77. *Id.* at 50. However, plaintiff contends that the City paid her an overtime rate of $58.78 for all seven hours of work performed during the week of February 16, 2020. *Id.* Plaintiff arrives at this rate by dividing the total amount of overtime earned, i.e. $411.49, by **seven**. *Id.* As such, the FAC assumes that all seven hours of overtime must be paid at the same rate.

Plaintiff's Opp. now concedes that this is an error and that the FLSA overtime rate need only be applied to the three hours and 15 minutes of work that was performed in excess of 40 hours. *See* Plaintiff's Opp. at 5. In so doing, plaintiff also acknowledges that the first three hours and 45 minutes of the seven hours of overtime worked during the week of February 16,

3

2020 may be paid at a straight rate; which plaintiff asserts is $43.90. *See* FAC at ¶ 41. This amounts to $164.62 (i.e. 3.75 multiplied by $43.90). For the remaining three hours and 15 minutes of overtime, which are entitled to FLSA-protections, plaintiff was paid a total of $246.87 (i.e. $411.49 minus $164.62). This amounts to an overtime rate of $75.96 (i.e. $246.87 divided by 3.25). This is in excess of the FLSA overtime rate plaintiff claims she is owed, i.e. $69.77 and, therefore, the FAC does not state a FLSA violation.

Despite this, Plaintiff's Opp. takes issue with the fact that defendant's moving papers did not explain why plaintiff was paid in excess of what is required under the FLSA. *See* Plaintiff's Opp. at 5-6. Plaintiff claims that this failure to provide a detailed explanation saves her FLSA claim. Not so. Defendant's FLSA obligation vis-à-vis this case is contained in Section 207(a)(1) which requires that eligible employees working in excess of 40 hours in a workweek be compensated for the work in excess of 40 hours "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The fact that plaintiff and her counsel claim to not understand why the City paid in excess of what is required under the law does not save her FLSA claim.

Along these same lines, and in tacit recognition that she has no FLSA claim, plaintiff now switches gears and argues that her FAC should not be dismissed because "[n]othing on the face of the paystub or any other document available to plaintiff shows that any portion of that 7 hours was paid at a 'straight' time rate and an additional portion at an 'overtime' rate." *See* Plaintiff's Opp. at 5. This new claim rings hollow for several reasons.

First, there is no obligation under the FLSA for an employer to provide a paystub that identifies whether overtime was paid and what rate. In fact, the FLSA does not require an employer to provide employees with paystubs *at all*, let alone a paystub that apportions out

4

different types of overtime.  *See* "elaws – Fair Labor Standards Act Advisor." U.S. Dep't of Labor,https://webapps.dol.gov/elaws/faq/esa/flsa/018.htm?_ga=2.37163360.1530408972.1624020567-1371492473.1624020567 (last visited on June 18, 2021).  Plaintiff's new inability to understand her paystub is irrelevant to the question of whether the FAC states a cognizable claim under the FLSA.

Second, when read in conjunction with plaintiff's allegations in the FAC, this new argument does not hold water.  The FAC does a deep-dive analysis of the paystub for the week of February 20, 2020 and concludes that the stub "exemplifies how [plaintiff] was specifically underpaid by Defendants' practice of not paying overtime rates that included differential payments."  FAC at ¶ 38.  For 12 paragraphs, plaintiff explains in detail the differential and overtime payments contained in the paystub and how these payments impact the calculation of her regular rate.  *See id.* at ¶¶ 38-50.  Ultimately, plaintiff concludes that, in order to have complied with the FLSA, she must have been paid $69.77 per hour for each hour of overtime worked in excess of 40 hours in the week of February 16, 2020.  *See* FAC at ¶ 50.  Here, plaintiff was paid at a rate of $75.96 for those hours.  Thus, defendant's motion must be granted.  *See Fridman v. GCS Computs. LLC*, 17 Civ. 6698 (RWS), 2019 U.S. Dist. LEXIS 34041, at *5 (S.D.N.Y. Mar. 4, 2019)(conclusory allegations of a FLSA violation do not give rise to a FLSA claim where such claim is "contradicted by the pay slips attached to the Amended Complaint.").

Finally, plaintiff's attempt to distinguish *Murray v. City of N.Y.*, No. 16-cv-8072 (PKC), 2017 U.S. Dist. LEXIS 130594, at *14 (S.D.N.Y. Aug. 16, 2017) is unsuccessful.  The FAC contains one alleged "example" of an underpayment, i.e. an underpayment in the week of February 16, 2020.  Defendant has shown – and plaintiff has all but conceded – that no violation occurred in this week.  Thus, all that is left in the FAC are generalized allegations that defendant

violated § 207(a)(1) in some unspecified way in some unspecified weeks. *See* FAC at ¶¶ 36, 37 (alleging that plaintiff "often worked more than forty (40) hours in a given week" and "did not receive proper overtime payments at a rate of time and one half her regular rate of pay inclusive of earned differentials and other covered payments."). These allegations do not suffice under the pleading standard articulated by *Lundy* and, in turn, *Murray*.

*Murray* holds that generalized allegations that a plaintiff was paid an incorrect overtime rate in some unspecified week are insufficient under *Lundy*. *See Murray*, 2017 U.S. Dist. LEXIS 130594, at *14 (allegations that the plaintiffs were paid the incorrect overtime rate "[d]uring all workweeks in which the plaintiffs work over 40 hours" and were compensated in compensatory time "does not satisfy the FLSA pleading standards set forth by *Lundy*, 711 F.3d at 114-15."). Further, plaintiff's allegations that she worked more than 40 hours without being paid the proper overtime rate, merely "rephrases" the FLSA and are therefore insufficient. *DeJesus v. HF Mgm't Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013); *accord Heredia v. Americare, Inc.*, No. 17 Civ. 06219, 2020 U.S. Dist. LEXIS 122880, at *10 (S.D.N.Y. July 13, 2020). The FAC, therefore, does not contain the facts necessary to state a claim for relief. *See Bonn-Wittingham v. Project OHR, Inc.*, 792 F. App'x 71 (2d Cir. 2019)(allegations that are "little more than a paraphrase of the statute and cannot, standing alone, establish a plausible claim.").

B.     **The Claims of Putative Collective Must Be Dismissed**

Plaintiff contends that to stave off dismissal of the putative collective claims, she need only plead that "all members of the putative collective were similarly subjected to Defendants' [*sic*] unlawful compensation scheme." Plaintiff's Opp. at 7. Here, however, plaintiff has not demonstrated any unlawful compensation scheme. To be sure, her own

6

allegations demonstrate that she was paid in excess of what she was entitled to under the FLSA. For this reason alone, the claims of the collective must also be dismissed.

Plaintiff's reliance on *Drayton v. City of N.Y.*, No. 18 Civ. 10138 (ALC), 2020 U.S. Dist. LEXIS 83535 (S.D.N.Y. May 12, 2020) is misplaced. In *Drayton*, the only issue before the Court was whether the complaint sufficiently pled the claims of the members of the putative collective. *See Drayton*, 2020 U.S. Dist. LEXIS 83535 at *5 (defendant arguing that the complaint "should be dismissed because it fail[ed] to sufficiently allege sufficient factual allegations concerning the ***putative*** members."). In contrast, here, plaintiff herself has not pled a violation of the FLSA. Plaintiff's Opp. also appears to rely on *Drayton* for the proposition that allegations pled "upon information and belief" suffice to save the claims of the collective. *See* Plaintiff's Opp. at 8. No such holding appears in *Drayton*. Thus, *Drayton* is inapplicable.

More on point is the decision in *Cortese v. Skanska Koch, Inc.*, No. 20 CV 1632 (LJL), 2021 U.S. Dist. LEXIS 24152 (S.D.N.Y. Feb. 8, 2021). In *Cortese*, the plaintiffs – on behalf of themselves and a putative collective of allegedly similarly situated employees – alleged that the overtime rate paid did not comply with § 207(a)(1). *See Cortese*, 2021 U.S. Dist. LEXIS 24152 at *28. In granting the defendants' motion to dismiss, the Court rejected the plaintiffs' argument that it is sufficient to merely assert that the members of the collective were underpaid under the FLSA. *Id.* at *41-42. In so doing, the Court held that "a plaintiff seeking to hold a defendant liable for a FLSA violation is required to plead some factual content, it is not sufficient that the facts, if pleaded, would not be denied. They must be pleaded." *Id*. at *42. Here, no facts are pleaded on behalf of the collective. Here, as in *Cortese*, the FAC "alleges in rote form" that there was violation. Such vague allegations do not save the claims of the collective.

7

## C.     Plaintiff's Request to Amend the Complaint for a Second Time Must be Denied

Plaintiff's Opp. requests that she be permitted to amend her complaint a second time in the event the Court grants this motion. *See* Plaintiff's Opp. at 11. This request should be denied. Plaintiff filed her original Complaint on November 4, 2020, *see* Dkt. No. 1, and defendant moved to dismiss the Complaint on March 30, 2021. *See* Dkt. No. 21. After having reviewed defendant's motion, plaintiff elected to file an amended complaint. *See* Dkt. Nos. 23, 24. Despite having ample opportunity to review defendant's original motion and cure any deficiencies, plaintiff is still unable to plead a FLSA violation. As such, any further attempt to amend would be futile. *See McBeth v. Porges*, 171 F. Supp. 3d 216, 235 (S.D.N.Y. 2016) ("The fact that Plaintiff already amended his complaint in an attempt to cure the deficiencies raised in Defendant's initial motion to dismiss ... underscores the futility of further amendment."). Moreover, plaintiff's request to replead should be denied because Plaintiff's Opp. fails to articulate why a third bite at the apple would fare any better. As such, this request should be denied.

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in defendant's moving papers, defendant respectfully requests that the Court grant its motion to dismiss the FAC, that plaintiff's request to replead be denied and that defendant be granted such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            June 24, 2021

                                      **GEORGIA M. PESTANA**
Acting Corporation Counsel of the City of New York
*Attorney for Defendant*
100 Church Street, Room 2-104
New York, New York 10007
(212) 356-2479
aoconnor@law.nyc.gov


By: _____/s/_____
      Andrea O'Connor
      Assistant Corporation Counsel