UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

────────────────────────────────────────

LISA SYDOROWITZ, *individually and on behalf of all other persons similarly situated*,

                      Plaintiff,

-v-

THE CITY OF NEW YORK,
                      Defendant.

20-CV-9233 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff Lisa Sydorowitz brings overtime claims against the City of New York under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.  For two decades, she has worked as a juvenile counselor and associate youth development specialist for the New York City Department of Social Services.  In this action, she alleges that she has worked more than forty hours a week, but the City has not given her overtime pay at a rate one-and-a-half times her regular rate.  In particular, she alleges that the City miscalculated her regular rate by omitting her earned differentials and other bonus compensation.  She also proposed a collective action on behalf of non-exempt members of the relevant union who worked for the City since November 4, 2017.

      The City moves to dismiss the first amended complaint for failure to state a claim.  For the reasons that follow, that motion is denied.

**I.**    **Background**

      **A.**    **Factual Background**

      The following facts are derived from the complaint and are assumed true for purposes of this motion.

1

Lisa Sydorowitz is a member of District Council 37 of the American Federation of State, County and Municipal Employees, Social Services Employees Union Local 371.  (*See* Dkt. No. 24 ("Compl.") ¶ 8.)  Since October 2002, she has worked for the New York City Department of Social Services as a juvenile counselor and, more recently, an associate youth development specialist.  (*See* Compl. ¶¶ 9-11.)  Her employer is the City of New York.  (*See* Compl. ¶¶ 28.)

She alleges that she worked more than forty hours a week but did not receive overtime pay at a rate one-and-a-half times her regular rate of pay.  (*See* Compl. ¶¶ 36-37.)  She further alleges that she was underpaid in part because the City did not include "earned differentials and other covered payments" when calculating her regular rate of pay.  (Compl. ¶ 37.)

In support of these allegations, Plaintiff has attached a representative pay stub as an exhibit.  (*See* Dkt. No. 24-1 ("Pay Stub") at 1.)  The pay stub reflects her pay for time worked between February 16, 2020, and February 29, 2020.  (*See* Pay Stub at 1.)  It states that she worked seventy hours over the course of two weeks, or thirty-five hours a week, at her regular pay rate.  (*See* Compl. ¶ 40; Pay Stub at 1.)  It states that she also worked fifteen more minutes each day, or one hour and fifteen minutes a week, at her regular pay rate.  (*See* Compl. ¶ 41; Pay Stub at 1.)  It states that, in the first week, she worked seven hours of overtime.  (*See* Compl. ¶ 42; Pay Stub at 1.)

From this pay stub, Plaintiff alleges that her regular rate was $43.90 an hour, because she was paid $3,072.81 for seventy hours of regular work, (*see* Compl. ¶ 40; Pay Stub at 1.), and $109.74 for the two hour and thirty minutes of additional regular work over the pay period, (*see* Compl. ¶ 41; Pay Stub at 1.)  Plaintiff also alleges that her overtime rate was $58.78, because she was paid $411.49 for seven hours of overtime.  (*See* Compl. ¶ 42; Pay Stub at 1.)

Plaintiff further alleges that her regular rate should have been $46.51, but that the City did not include her differentials when calculating the rate. (*See* Compl. ¶ 49.) In support, Plaintiff notes that her pay stub lists a $166.81 longevity differential, a $26.32 assignment differential, a $5.88 night shift differential, and $20.54 in recurring incremental payments. (*See* Compl. ¶ 46.) Accordingly, she alleges that her overtime rate should have been $69.77. (*See* Compl. ¶ 50.)

### B. Procedural History

Plaintiff brought this suit on April 9, 2021. (*See* Compl. at 10.) Her sole claim is that the City violated Section 207 of the Fair Labor Standards Act by "failing to pay all earned overtime wages, at the rate of one and one-half times their regular rate of pay, in weeks in which [employees] worked over forty (40) hours." (Compl. ¶ 57.) Specifically, Plaintiff alleges that the City failed to include "[d]ifferentials such as pro-rata differentials, longevity pay after a certain amount of years in service, night-shift differentials, assignment differentials, and other additional cash payments" when calculating employees' "regular rate of pay." (Compl. ¶ 55.)

Plaintiff brings a collective action under Section 216(b) of the FLSA. (*See* Compl. ¶ 16.) She brings her action on behalf of "a putative collective consisting of similarly situated employees who, as members of AFSCME District Council 37 Professional Division, performed work for Defendant at any time since November 4, 2017" (Compl. ¶ 17), with some exceptions, and who "are non-exempt employees eligible to be paid for every hour worked including overtime compensation for those hours worked over forty in a consecutive seven day week" (Compl. ¶ 18).

The City has moved to dismiss the complaint in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*See* Dkt. No. 27.)

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) directs a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  To survive a motion to dismiss for failure to state a claim, a complaint must state "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This means that a complaint is properly dismissed where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief."  *Twombly*, 550 U.S. at 558.  A complaint is also properly dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  *Iqbal*, 556 U.S. at 679.

## III.    Discussion

The City contends that Plaintiff has failed to state a claim for overtime pay under Section 207 of the Fair Labor Standards Act and that she has failed to plausibly allege a collective action.

### A.     Overtime Claim

Section 207 of the Fair Labor Standards Act provides that "no employer shall employ any of their employees . . . for a workweek longer than forty hours unless such employee receives overtime compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  Accordingly, "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."  *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 88 (2d Cir. 2013).  Plaintiff has done so.  She has alleged that she "often worked more than forty (40) hours in a given week" (Compl. ¶ 36), submitting a pay stub reflecting that she worked thirty-five hours of regular work, one hour and

4

fifteen minutes of additional regular work, and seven hours of overtime work for the week of February 16, 2020 (*see* Compl. ¶¶ 39-42; Pay Stub at 1), which totals forty-three hours and fifteen minutes of work.

And Plaintiff has alleged that she "did not receive proper overtime payments at a rate of time and one half her regular rate of pay" (Compl. ¶ 37), explaining that, for that week, her regular pay rate was $43.90 an hour, and her overtime rate was $58.78 an hour, when it should have been at least $65.85 an hour (Compl. ¶¶ 39-44), or $69.77 an hour with differentials (Compl. ¶ 50.). Her pay stub raises a reasonable inference that Plaintiff had some uncompensated time, *see Iqbal*, 556 U.S. at 678, because her calculations follow from reasonable parameters. Plaintiff calculates her regular pay rate to have been $43.90, because she was paid $3,072.81 for seventy hours of regular work (*see* Compl. ¶ 40), and $109.74 for the two hour and thirty minutes of additional regular work over the pay period (*see* Compl. ¶ 41). She alleges that her overtime rate was $58.78, because she was paid $411.49 for seven hours of overtime. (*See* Compl. ¶ 42.) Such allegations support an inference that Plaintiff was not given compensation for her hours worked above forty hours at a rate one-and-a-half times the rate of her regular pay.

The City argues that the pay stub does not raise that inference, because Plaintiff was not paid compensation for the seven hours under the overtime column at a flat rate. (*See* Dkt. No. 29 ("Def.'s Memo") at 11.) Rather, the City argues that Plaintiff's collective bargaining agreement conclusively demonstrates that she was eligible to receive compensation at her regular pay rate for the first forty hours she worked and compensation at an overtime rate only after hour forty. (*See* Dkt. No. 28-2, Art. IV., § 3(b); Def.s Memo at 11-12.) But the collective bargaining agreement is not "integral" to the complaint, *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021), because "this case raises no contention that an employer failed to

properly apply the pay rate framework set out in a CBA." *Berger v. New York Univ.*, No. 19-CV-267, 2019 WL 3526533, at *5 (S.D.N.Y. Aug. 2, 2019). And the Court declines to take judicial notice of the document because "material disputed issues of fact" remain for discovery "regarding the relevance of the document," *AECOM*, 19 F.4th at 106, which does not squarely answer what pay Plaintiff received.

In any event, the collective bargaining agreement is not conclusive at this early stage. Plaintiff's pay stub states that she received $411.49 for seven hours of "PAID OVER[TIME]." (Compl. ¶ 42; Pay Stub at 1.) Considering this document "in the light most favorable to [the] plaintiff," *Melendez*, 16 F.4th at 996, and "draw[ing] all reasonable inferences in favor of the plaintiff[]" *id.* at 1010, the Court concludes that it is at least plausible that Plaintiff was paid overtime at a flat rate. Accordingly, Plaintiff has stated a claim that the City violated Section 207 of the FLSA.

### B. Collective Action Allegations

Defendant moves to dismiss Plaintiff's putative collective action. Section 216(b) permits a plaintiff to bring an action "against any employer . . . in behalf of himself . . . and other employees similarly situated." But Plaintiff "has not yet moved to certify this putative collective action," so dismissal would be premature. *Guzman-Reina v. ABCO Maint. Inc.*, No. 17-CV-1299, 2018 WL 264102, at *4 (E.D.N.Y. Jan. 2, 2018); *Drayton v. City of New York*, No. 18-CV-10138, 2020 WL 2415563, at *2 n.1 (S.D.N.Y. May 12, 2020).

In any event, the complaint raises an inference "that there is a group of individuals similarly situated to Plaintiff" who "were together the victims of a single decision, policy or plan." *Guzman-Reina*, 2018 WL 264102, at *4. It "refer[s] to the Defendants' policy of miscalculating overtime rates by not taking into account differential payments received as part of the regular pay." *Drayton*, 2020 WL 2415563, at *2; (Compl. ¶ 19.). And it "provide[s] some

factual allegations about putative class members, namely that they are non-exempt employees," *Drayton*, 2020 WL 2415563, at *2, who are "members of AFSCME District Council 37 Professional Division," and who "performed work for Defendant at any time since November 4, 2017." (Compl. ¶ 17.) Accordingly, Plaintiff has pleaded a putative collective action.

**IV.    Conclusion**

For the foregoing reasons, Defendant's motion to dismiss the first amended complaint is DENIED.

Defendant shall file its answer on or before April 11, 2022.

The Clerk of Court is directed to close the motion at Docket Number 27.

SO ORDERED.

Dated: March 21, 2022
       New York, New York

_____
J. PAUL OETKEN
United States District Judge