

40 Broad Street, 7th Floor
New York, New York 10004
Telephone: 212.943.9080

**James E. Murphy, Esq.**
Partner
jmurphy@vandallp.com

December 22, 2025

<u>VIA ECF</u>
Hon. J. Paul Oetken
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>Sydorowitz et al. v. The City of New York et al</u>
              Case No.: 20-cv-9233-(JPO)(OTW)

Dear Judge Oetken:

      Virginia & Ambinder, LLP ("V&A") represents Plaintiffs in this wage and hour action. The parties jointly submit their settlement of this action for approval by the Court as required by <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199, 206 (2d Cir. 2015). A copy of the Settlement Agreement ("Agreement") is annexed hereto as Exhibit A. The parties consent to proceed before Your Honor for all purposes, including for review of the settlement agreement and to conduct any hearings related to settlement approval.

     **I.**    **Relevant Facts and History**

      Plaintiffs commenced this collective action against Defendant for violations of the Fair Labor Standards Act ("FLSA") on November 4, 2020. The ___ Plaintiffs[1] in this action are members of District Council 37 of the American Federation of State, County, and Municipal Employees, Social Services Employees Union Local 371 ("Local 371"), who worked at the Department of Social Services of the City of New York ("DSS").

      In this action, Plaintiffs alleged that, in addition to their salaries, Plaintiffs receive additional monies as part of their regular rate of pay, including, but not limited to, longevity pay after a certain amount of years in service, night-shift differentials, assignment differentials, and other bonus compensation. However, Plaintiffs allege that their overtime rates do not always take into consideration any of the additional monies that Plaintiffs receive as part of the regular rate of pay. Accordingly, Plaintiffs allege that their overtime rates were miscalculated, and that Plaintiffs

---

[1] On November 17, 2020 and on various dates thereafter, Plaintiffs filed their Consent to Sue forms this case. Exhibit A to the Agreement contains a list of all Plaintiffs and the dates on which they filed their Consent to Sue forms with this Court.

were not compensated at the rate of one and one half times their regular rate of pay after the first forty hours

Throughout this litigation, the parties engaged in extensive discovery, with Defendant producing voluminous payroll and time records for the Plaintiffs, and the Plaintiffs conducting an extensive audit determining the damages owed for each claim.

Over the course of several years, the parties have also been engaged in ongoing settlement discussions, in the same manner that counsel for the parties did in the action Kroustallis v. City of New York, 16-cv-8421(GBD), a similar case which was settled in 2024. As set forth below, this settlement makes Plaintiffs whole, and is therefore fair and reasonable and should be approved by the Court.

II.     The Fair and Reasonable Settlement

The parties have agreed to settle this matter in the amount of $96,926.60, exclusive of attorneys' fees and costs. The parties have agreed to negotiate V&A's attorneys' fees and costs separately.

In Cheeks, the Second Circuit raised concerns with settlement agreements that contain (1) a battery of highly restrictive confidentiality provisions, (2) overbroad release provisions, and (3) provisions that set attorneys' fees at over 40%. Cheeks, 796 F.3d at 206. None of the concerns raised in *Cheeks* are present in this Agreement:

(1) The Agreement will be filed publicly with the Court as an exhibit to this letter motion and does not contain a confidentiality provision;

(2) The Agreement contains only a specific release relative to the wage and hour claims asserted in the Lawsuit, and all federal, state and/or local statutory wage and hour claims that could have been asserted in the lawsuit, arising for the time period beginning three (3) years prior to the filing date of each Plaintiff's Consent to Sue form through the date the Settlement Agreement is signed by the counsel for the parties, for the time period Plaintiffs were employed by DSS.

(3) Plaintiffs' counsel has agreed to negotiate their fees and costs separately from the settlement of the workers' claims.

The Agreement calls for the stipulated dismissal of this action with prejudice should the Court approve of same. The Second Circuit holds that stipulated dismissals pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure settling FLSA claims with prejudice require the approval of the district court or the United States Department of Labor to take effect. Cheeks, 796 F.3d at 206. In considering whether to approve an FLSA settlement, the Court should examine the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. Wolinsky v. Scholastic, Inc., 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012). Here, the Agreement meets all of these factors.

**(1) Range of Possible Recovery**

This settlement represents a full recovery of the calculated damages owed to Plaintiffs and is therefore fair and reasonable.

**(2) The Agreement Enables the Parties to Avoid Anticipated Burdens and Expenses of Litigation**

This settlement enables the parties to avoid the anticipated burdens and expense of further litigation. Had the parties continued to litigate, they would have had to engage in summary judgment motion practice and eventually engage expert witnesses to testify at trial with respect to Plaintiffs' extensive damages audit. Given that there are ___ Plaintiffs in this matter, this would have resulted in the expenditure of hundreds (if not thousands) of more attorney hours, hundreds of thousands of dollars in additional legal fees and expert discovery costs, and delayed recovery to Plaintiffs. Settling this matter enables the parties to avoid these anticipated burdens and expenses.

**(3) The Risks of Litigation**

Both sides faced risks by continuing with litigation. The settlement represents a good faith compromise of the parties' *bona fide* dispute regarding whether defendant violated the FLSA, and whether an award of liquidated damages is appropriate. Defendant's defenses both to liability and to liquidated damages, were asserted and considered in the settlement negotiations.

Accordingly, the parties have avoided the uncertainty of these litigation risks by settling this matter before trial.

**(4) The Agreement is the Product of Arm's-Length Negotiations and There Was No Fraud or Collusion**

Both sides were represented by experienced counsel and settled the claims after completing extensive paper discovery and a damages audit, following the settlement in the Kroustallis matter achieved with the assistance of Mediator DiCaprio. This was a true arm's length negotiation that led to a fair and reasonable settlement. "[C]onsidering the Settlement Agreement resulted from 'arm's length bargaining between experienced counsel,' there is 'no evidence to suggest fraud or collusion.'" Huggins v. Chestnut Holdings Inc., 2022 U.S. Dist. LEXIS 3156, at *5 (S.D.N.Y. Jan. 5, 2022) (quoting Strauss v. Little Fish Corp., 2020 U.S. Dist. LEXIS 126393 (S.D.N.Y. July 17, 2020).

**III.    Plaintiffs' Attorneys' Fees and Costs Will Be Reasonable**

The attorneys' fees and costs to V&A under this settlement will be negotiated separately. The proposed amount of attorneys' fees will be fair and reasonable because Plaintiffs' counsel's own compensation is being negotiated separate and apart from Plaintiffs' settlement (which makes Plaintiffs whole) and thus does not adversely affect the extent of the relief obtained by counsel on behalf of Plaintiffs. *See* Wolinsky, 900 F. Supp. 2d at 336-37; Cisek v Natl. Surface Cleaning,

<u>Inc.</u>, 954 F. Supp. 110, 111 (S.D.N.Y. 1997) (finding that the sum sought by plaintiffs' counsel was reasonable, the settlement was untainted by conflict of interest and there was "no reason to conclude that plaintiffs' counsel benefited at the expense of their clients"). Thus, the settlement does not favor Plaintiffs' counsel over Plaintiffs.

*   *   *

For the reasons set forth above, the parties respectfully request that the Court approve the Agreement as fair and reasonable.

            Respectfully submitted,

            <u>*/s/ James E. Murphy*</u>
            James E. Murphy